United States District Court
Southern District of Texas
**ENTERED**
October 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTIAN EMMANUEL RAMIREZ HERNANDEZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-07587 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, *et al*, Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Christian Emmanuel Ramirez Hernandez filed a petition for writ of *habeas corpus* under 28 USC §2241 on August 10, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges illegal entry at a prior date but nonetheless asserts that his current detention violates the Due Process Clause of the Fifth Amendment. Id at 2–5.

He alleges that he (i) is a Mexican citizen, (ii) was stopped on August 13, 2026, for a traffic violation, (iii) paid the resulting traffic ticket, (iv) was later detained and has a scheduled immigration hearing, (v) hasn't been provided a bond hearing, (vi) hasn't been told the basis for his detention, (vii) has no criminal convictions, and (viii) works full time to support his family. Id at 2–3. He maintains that he presents no risk of flight or danger to the community and that his detention is unrelated to any legitimate purpose, thus violating due process. Id at 3–5.

The Government was ordered to show cause. Dkt 4. It responded with a motion for summary judgment, contending that Petitioner (i) is inadmissible under 8 USC §1182(a)(6)(A)(i) and §1182(a)(7)(A)(i)(I), (ii) was properly advised of such, and (iii) was released and ordered to appear for immigration proceedings. Dkt 5 at 2–3. It

submits exhibits establishing inadmissibility upon arrival. Id at 15–19. It maintains that Petitioner is properly detained under 8 USC §1225(b)(2)(A) and requests that the petition be denied or, in the alternative, that this action be stayed until such time as the Fifth Circuit issues a final ruling in *Sosnava Rodriguez v Ortega*, No. 26-50183 (5th Cir). Id at 3–12.

Petitioner didn't respond to the motion, and his time to do so has now expired.

*As to detention under §1225(b)*, the Fifth Circuit issued a controlling decision on detention under §1225(b)(2)(A) on February 6, 2026. See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08. This determination forecloses any statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

*As to due process*, the Fifth Circuit issued a decision on July 2, 2026, with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at 727–28. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See 181 F4th 608 (5th Cir 2026). This means that the panel opinion is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has now ruled on over four hundred petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes

decisions on the following issues pertinent to the subject petition:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question under §1225(b)(2)(A) consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.
- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention; see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).
- *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that the Government isn't estopped from enforcing §1225(b)(2)(A) as written, despite contrary decisions by, or priorities of, past Administrations, including prior release of a petitioner on supervision under §1226(a); see also *Lainez Briceno v Warden, Federal Detention Center, Miami*, 2026 WL 1004695, at *5 n 4 (SD Fla) (rejecting contention that Government's argued position in *Jennings v Rodriguez*, 583 US 291 (2018), requires result departing from statutory text).

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above. The petition will thus be dismissed with prejudice on the basis presently submitted. Such determination also renders moot the Government's request for a stay pending the *en banc* ruling in *Sosnava-Rodriguez*.

* * *

In so concluding, respectful acknowledgement is given to a number of district court judges who have reached a different conclusion on the claim with respect to due process presented in this case, including within the Houston Division itself. For example, reaching conclusions in line with the undersigned are decisions in *Garcia De La Cruz v Bondi*, 2026 WL 309939 (SD Tex, Lake, J), *Arteaga-Marroquin v Blanche*, 2026 WL 1708601 (SD Tex, Hanen, J), and *Bernal v Frink*, 2026 WL 1804234 (SD Tex, Ganjei, J). But reaching conclusions that would afford relief to petitioners are decisions such as *Guerrero Gomez v Warden,* 4:26-cv-02192 (SD Tex, May 1, 2026, Hoyt, J), *Banegas Avila v Frink*, 2026 WL 976144 (SD Tex, Rosenthal, J), *Rodriguez v Frink*, 823 F Supp 3d 678 (SD Tex 2026, Ellison, J), *Serrano v Thompson*, 2026 WL 2000099 (SD Tex, Bennett, J), and *Batalla Nava v Tate*, 2026 WL 1103033 (SD Tex, Hanks, J). Until the Fifth Circuit or Supreme Court gives a definitive interpretation, it is simply up to each district court judge to continue to give his or her own best reading to the law and available precedent.

It bears mention that many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result

of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez* and may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The request by the Government to stay pending the outcome of *en banc* proceedings in *Sosnava Rodriguez* is DENIED AS MOOT. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Christian Emmanuel Ramirez Hernandez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on October 6, 2026, at Houston, Texas.



Honorable Charles Eskridge
United States District Judge